Ricardo J. Prieto (to be admitted *Pro Hac Vice*)
rprieto@eeoc.net
SHELLIST | LAZARZ | SLOBIN LLP
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

Melinda Arbuckle (Cal. Bar No. 302723)
marbuckle@eeoc.net
SHELLIST | LAZARZ | SLOBIN LLP
5670 Wilshire Boulevard, Suite 1800
Los Angeles, California 90036
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

*Counsel for Plaintiff, Francisco Rios, and Proposed Class and Collective Action Members*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION – SANTA ANA

| | |
|---|---|
| FRANCISCO RIOS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HM FOODS LLC d/b/a THE LOCAL and HOMAN MOFIDI, individually,<br><br>Defendants. | **Case No: 8:21-cv-01227**<br><br>**ORIGINAL COMPLAINT FOR VIOLATIONS OF FLSA AND CALIFORNIA STATE LAW**<br><br>**COLLECTIVE ACTION AND CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Francisco Rios ("Rios" or "Plaintiff"), on behalf of himself and all others similarly situated, files this Original Complaint against HM Foods LLC d/b/a The Local ("The Local") and Homan Mofidi, individually, ("Mofidi") (collectively referred to as "the Defendants"), showing in support as follows:

## I.    INTRODUCTION AND NATURE OF ACTION

1.    This is an action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA") seeking damages for Defendants' failure to pay overtime wages. Plaintiff brings this action on behalf of similarly situated employees located in California as a collective action under 29 U.S.C. § 216 (b).

2.    This action is also brought under the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200-17210, the California Labor Code and related regulations, Cal. Wage Order No. 16-2001; Cal. Labor Code §§ 200-2699.5, (collectively, "California State Law"), for Defendants' various violations of California State Law including: (1) failure to pay employees working in California overtime compensation at a rate of one and one-half times the regular rate of pay for all hours worked over forty per week, or over eight per day, or for the first eight hours of work on the seventh consecutive day of work in a workweek; and (2) for failure to pay employees working in California overtime compensation at a rate of twice the regular rate of pay for all hours worked in excess of 12 hours in one day, and for any hours worked in excess of eight hours on the seventh consecutive day of work in a workweek. Plaintiff brings the California State Law claims as a class action under FED. R. CIV. P. 23.

3.    Defendants operate a restaurant called The Local. Defendants employ kitchen workers like Rios, who are critical to Defendants' restaurant business. These kitchen workers regularly work in excess of 40 hours in a workweek.

4.    Defendants pay its kitchen workers based on an hourly rate. However, Defendants do not pay any overtime wages owed to its kitchen workers. This lawsuit seeks redress for Defendants' violation of federal and California state law in failing to pay overtime.

## II.    THE PARTIES

### A.    Plaintiff Francisco Rios

5.    Plaintiff Francisco Rios is an individual residing in Orange County, California. He has standing to file this lawsuit.

6.    Rios was an employee of Defendants who worked as a kitchen worker at The Local from approximately February 7, 2017 through approximately March 2020.

7.    Plaintiff's written consent to participate in this action is attached to this Complaint as "Exhibit 1."

### B.    Putative Collective Action Members

8.    The putative Collective Action Members are all current and former kitchen workers who work or worked for Defendants at any time within the three years prior to the filing of this Complaint through the date of final disposition of this action.

9.    Rios seeks to represent the Collective Action Members seeking damages for claims of unpaid overtime wages pursuant to the FLSA, and is

Case No. 8:21-cv-01227
Original Complaint

1  similarly situated to the Collective Action Members pursuant to 29 U.S.C. §

2  216(b).

3  **C.    Putative California Class Action Members**

4      10.    The putative California Class Action Members are all current and

5  former kitchen workers who work or worked for Defendants at any time within the

6  four years prior to the date of filing of this Complaint through the date of the final

7  disposition of this action.

8      11.    Rios seeks to represent the California Class Action Members, seeking

9  damages for the California State Law Claims, described further below. Plaintiff is

10  a proper class representative pursuant to FED. R. CIV. P. 23(a)(4).

11  **D.    Defendant HM Foods LLC.**

12      12.    Defendant HM Foods LLC is a California limited liability company

13  that does business in California.

14      13.    Service of process can be effectuated on HM Foods LLC by and

15  through its Agent for Service of Process: Homan Mofidi, 16 Calle La Espalda, San

16  Clemente, California 92673.

17      14.    At all times relevant to this lawsuit, Defendant has been an "enterprise

18  engaged in commerce" as defined by the FLSA.

19      15.    At all times relevant to this lawsuit, Defendant employed, and

20  continues to employ, two or more employees.

21      16.    At all times relevant to this lawsuit, Defendant employed two or more

22  employees who engaged in commerce and/or who handled, sold or otherwise

23

24

worked on goods or materials that have been moved in or produced for commerce by any person.

17.    On information and belief, at all times relevant to this lawsuit, Defendant has had gross operating revenues or business volume in excess of $500,000.

**E.    Defendant Homan Mofidi.**

18.    Defendant Homan Mofidi is a natural person.

19.    Defendant is a covered "employer" pursuant to the FLSA.

20.    Alternatively, Defendant is a covered "joint employer" pursuant to the FLSA. On information and belief, Mofidi is/was active in day-to-day operations of the company and has/had primary responsibility for The Local's compliance (or lack thereof) with the FLSA with respect to its employees.

21.    On information and belief, Mofidi has/had the power to hire and fire employees; supervise and/or control the employees' work schedules and/or work conditions of employment; determine the rate or method of pay; and control/maintain employees' work records.

22.    Defendant may be served with summons at 16 Calle La Espalda, San Clemente, California 92673, or wherever he can be found.

### III.    JURISDICTION AND VENUE

23.    This Court has federal question jurisdiction over all claims pursuant to 28 U.S.C. § 1331 and the FLSA at 29 U.S.C. § 216(b).

24.     This Court also has supplemental jurisdiction over Plaintiff's California State Law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative fact.

25.     This Court is empowered to issue a declaratory judgment with respect to all claims pursuant to 28 U.S.C. §§ 2201 & 2202.

26.     The United States District Court for the Central District of California has personal jurisdiction over Defendant because Defendant does business in California and in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in California and in this District.

27.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to all claims occurred in this District.

## IV.    FACTUAL BACKGROUND
### (APPLICABLE TO ALL CLAIMS FOR RELIEF)

28.     Defendants operate a restaurant called The Local in San Clemente California.[1]

29.     Defendants employ kitchen workers, like Plaintiff, who are responsible for preparing the food and beverages served to the restaurant's patrons.

30.     Plaintiff and the kitchen workers perform the manual labor ordinarily required to operate a restaurant kitchen, such as but not limited to opening and closing the kitchen, food preparation and cooking, and cleaning.

31.     Defendants' kitchen workers, on average, work 60 hours each week.

---

[1]    https://www.thesclocal.com/ (last visited on 7/16/21).

32.    Defendants' kitchen workers are paid on an hourly basis for every hour worked, but no additional premium pay for any overtime hours worked over 40 in a workweek and/or over 8 in a day (*i.e.*, "straight-time pay") as is required under federal and state law. For example, Plaintiff was paid $18 for every hour that he worked regardless of the fact that he regularly worked 60 hours a week and over 8 hours per day.

33.    Defendants' pay practice violates the FLSA and California labor law.

## V.    FLSA CLAIMS FOR OVERTIME PAY

34.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

### A.    FLSA Coverage

35.    All conditions precedent to this suit, if any, have been fulfilled.

36.    At all times relevant to this lawsuit, Defendants are/were eligible and covered employers under the FLSA pursuant to 29 U.S.C. § 203(d).

37.    At all times relevant to this lawsuit, Defendants are/have been an enterprise engaged in commerce under the FLSA pursuant to 29 U.S.C. § 203(s)(1)(A).

38.    At all times relevant to this lawsuit, Defendants have employed, and continue to employ, employees including Plaintiff and the putative Collective Action Members who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

39.    At all relevant times, Defendants have had gross operating revenues or business volume in excess of $500,000.

**B.    FLSA Allegations**

40.    At all relevant times, Plaintiff and the Putative Collective Action Members were employees of Defendants pursuant to the FLSA.

41.    The FLSA generally requires that employers pay their employees time and a half the regular rate for any time an employee works in excess of 40 hours a week. 29 U.S.C. § 207(a)(1).

42.    Here Defendants did not pay Plaintiff and the Putative Collective Action Members whatsoever for overtime worked. Specifically, Defendants paid its kitchen workers on a "straight-time" hourly basis, and failed to pay overtime at the time and a half rate pursuant to the FLSA.

**C.    Collective Action Allegations**

43.    Plaintiff seeks to bring his claims under the FLSA on behalf of himself and all other kitchen workers who worked for Defendants during the three years immediately preceding the date on which this action was filed and continuing thereafter through the date on which final judgment is entered. Those who file a written consent will be a party to this action pursuant to 29 U.S.C. § 216(b) (the "FLSA Class").

44.    Plaintiff has actual knowledge that putative Collective Action Members have been denied overtime wages for all hours worked over 40 in each workweek. Plaintiff worked with other kitchen workers of Defendants at its restaurant The Local. As such, he has personal knowledge of the pay violations alleged herein. Furthermore, other kitchen workers have shared with him that they experienced similar pay violations as those described in this complaint.

45.     Other employees similarly situated to Plaintiff work or have worked for Defendants and did not receive overtime compensation.

46.     The putative Collective Action Members are similarly situated to Plaintiff in all relevant respects, having performed the same work duties as Plaintiff and being similarly situated with regard to Defendants' pay practices.

47.     The putative Collective Action Members regularly work or have worked in excess of forty hours during a workweek.

48.     The putative Collective Action Members are similar to Plaintiff in terms of job duties, pay structure, and the denial of all due and owing overtime wages.

49.     Defendants' failure to pay overtime compensation results from generally applicable policies or practices, and does not depend on the personal circumstances of the putative Collective Action Members.

50.     The experiences of Plaintiff with respect to his pay, or lack thereof, is typical of the experiences of the putative Collective Action Members.

51.     The specific job titles or precise job responsibilities of each putative Collective Action Member does not prevent collective treatment.

52.     Although the exact amount of damages may vary among the putative Collective Action Members, the damages are easily calculable using a simple formula uniformly applicable to all of the technician employees.

53.     Plaintiff proposes that the class of putative Collective Action Members be defined as:

**All current and former hourly paid kitchen workers who worked
at Defendants' restaurant The Local from any time starting three
years before a collective action may be conditionally certified in
the case until the date the case resolves.**

## VI.    CALIFORNIA STATE LAW CLAIMS

### A.    Controlling California State Law and Allegations

54.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

55.    This action is also brought under the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200-17210, the California Labor Code and related regulations including Cal. Wage Order No. 16-2001; Cal. Labor Code §§ 200-2699.5, (collectively, "California State Law"), for Defendants' various violations of California State Law including: (1) failure to pay employees working in California overtime compensation at a rate of one and one-half times the regular rate of pay for all hours worked over forty per week, or over eight per day, or for the first eight hours of work on the seventh consecutive day of work in a workweek; and for (3) failure to pay employees working in California overtime compensation at a rate of twice the regular rate of pay for all hours worked in excess of 12 hours in one day, and for any hours worked in excess of eight hours on the seventh consecutive day of work in a workweek. Plaintiff brings the California State Law claims as a class action under FED. R. CIV. P. 23.

56.    Defendants' actions described herein with regard to Plaintiff and the putative California Class were willful, intentional, and not the result of mistake or inadvertence.

57.    Defendants are aware that the California Labor Code, and other laws of the State of California applied to their business operations at all relevant times.

58.    Defendants are aware that their failure to pay overtime compensation was unlawful pursuant to California State Law.

**B.    Class Action Allegations**

59.    Plaintiff brings his claims for relief under California State Law, listed above, for violations of California's wage and hour laws as a class action, pursuant to FED. R. CIV. P. 23(a), (b)(2), & (b)(3).

60.    Numerosity (FED. R. CIV. P. 23(a)(1)) – the California Class is so numerous that joinder of all members is impracticable. On information and belief, during the relevant time period at least one hundred individuals worked for Defendant in the State of California.

61.    Commonality (FED. R. CIV. P. 23(a)(2)) – Common questions of law and fact exist as to putative members of the California Class, including, but not limited to, the following:

a.    Whether Defendant unlawfully failed to pay all wages owed in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200-17210, and the California Labor Code and related regulations including Cal. Wage Order No. 16-2001; Cal. Labor Code §§ 200-2699.5;

b.    The proper measure of damages sustained by the putative California Class.

62.    Typicality (FED. R. CIV. P. 23(a)(3)) – Plaintiff's claims are typical of those of the putative California Class. Plaintiff, like other California Class

members, was subjected to Defendants' policy and practice of refusing to pay wages owed to its kitchen workers in violation of California law. Plaintiff's job duties and claims are typical of those of the putative California Class.

63.    Adequacy (FED. R. CIV. P. 23(a)(4)) – Plaintiff will fairly and adequately represent and protect the interests of the putative California Class.

64.    Adequacy of counsel (FED. R. CIV. P. 23(g) – Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation. Plaintiff's counsel has litigated numerous class actions on behalf of nonexempt employees asserting claims under the FLSA and state law. Plaintiff's counsel intends to commit the necessary resources to prosecute this action vigorously for the benefit of all of the putative California Class.

65.    Class certification of the California State Law claims is appropriate pursuant to FED. R. CIV. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the putative California Class, making appropriate declaratory and injunctive relief with respect to the Plaintiff and the putative California Class as a whole. Plaintiff is entitled to injunctive relief to end Defendants' common and uniform practice of failing to pay overtime due to Plaintiff and the putative California Class.

66.    Predominance and superiority (FED. R. CIV. P. 23(b)(3)) – Class certification of the California State Law claims is also appropriate under FED. R. CIV. P. 23(b)(3) because questions of law and fact common to the putative California Class predominate over any questions affecting only individual

members of the putative California Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices unlawfully failed to completely compensate the putative California Class. The damages suffered by individual members of the putative California Class are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about Defendants' practices.

67.    Notice (FED. R. CIV. P. 23(c)(2)(B)) – Plaintiff intends to send notice to all members of the putative California Class to the extent provided by Rule 23.

68.    Plaintiff proposes that the class be defined as:

**All current and former hourly paid kitchen workers who worked at Defendants' restaurant The Local from any time starting four years prior to the date of the filing of the initial Complaint until the date the case resolves.**

## VII.   CAUSES OF ACTION

**1.    First Claim for Relief – Violation of the FLSA, Failure to Pay All Overtime Due to Plaintiff and Putative Collective Action Members.**

69.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

70.    The foregoing conduct, as alleged, violated the FLSA.

71.     Plaintiff and the putative Collective Action are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked, as defined above. *See* 29 U.S.C. § 203(e)(1).

72.     Defendants were, at all times relevant to this claim for relief, the employers of Plaintiff and the putative Collective Action. *See* 29 U.S.C. § 203(d).

73.     Defendants are and were required to pay its employees, Plaintiff and the putative Collective Action, overtime premiums in an amount of one and one-half times their respective regular rates of pay for all hours worked over forty hours in a given workweek. 29 U.S.C. § 207.

74.     Defendants failed to pay Plaintiff and the putative Collective Action their federally mandated overtime wages for all hours worked over 40 in a given workweek.

75.     Defendants' conduct was willful and done to avoid paying overtime wages. 29 U.S.C. § 255(a). Therefore, Plaintiff and the putative Collective Action are entitled to a three (3) year statute of limitations. *Id.*

76.     Plaintiff seeks all damages to which he and the putative Collective Action are entitled under the FLSA, including their back overtime wages, liquidated damages, attorneys' fees and costs, post-judgment interest, and specifically plead recovery for the three (3) year period preceding the filing of this lawsuit through its resolution.

## 2.   Second Claim for Relief – Violations of California Unfair Competition Law, Cal. Bus. & Prof. Code, §§ 17200-17210

77.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

78.     Plaintiff and the putative California Class are nonexempt employees entitled to be paid overtime compensation for all overtime hours worked, as defined above. *See* Cal. Labor Code § 350(b).

79.     Defendants were, at all times relevant to this claim for relief, the employers of Plaintiff and the putative California Class pursuant to California law and all other relevant law. *See* Cal. Labor Code §350(a).

80.     The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210. The UCL prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices.

81.     Beginning at some point prior to four years ago, Defendants committed and continue to commit, acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein. Defendants' conduct as herein alleged has injured Plaintiff and the putative California Class by wrongfully denying them earned wages, and therefore was substantially injurious to Plaintiff and the putative California Class.

82.     Defendants engaged in unfair competition in violation of the UCL by violating, *inter alia*, each of the following laws. Each of these violations constitutes an independent and separate violation of the UCL:

     a.   The Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262; and

     b.   California Labor Code § 510, which provides in relevant part:

> Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

83.    Defendants' course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL. Defendants' conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

84.    The unlawful and unfair business practices and acts of Defendants, described above, have injured Plaintiff and the putative California Class in that they were wrongfully denied payment of earned wages.

85.    Plaintiff, on behalf of himself and the putative California Class, seeks restitution in the amount of the respective unpaid overtime wages earned and due at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, or eight hours in a day, or for the first eight hours of work performed on the seventh consecutive day of work, and double the regular rate of pay for work performed in excess of twelve hours

per day and for all work over eight hours on the seventh consecutive day of work

in a workweek.

86.    Plaintiff seeks recovery of attorneys' fees and costs of this action to be

paid by Defendants, as provided by the UCL and California Labor Code §§ 218,

218.5, & 1194.

**3.    Third Claim for Relief – Overtime Violations, Cal. Wage Order
        No. 16-2001; Cal. Labor Code §§ 510, 1194**

87.    Plaintiff incorporates the preceding paragraphs by reference as if set

forth fully in this section, unless inconsistent.

88.    Plaintiff and the putative California Class are nonexempt employees

entitled to be paid overtime compensation for all overtime hours worked, as

defined above. *See* Cal. Labor Code § 350(b).

89.    Defendants were, at all times relevant to this claim for relief, the

employers of Plaintiff and the putative California Class pursuant to California law

and all other relevant law. *See* Cal. Labor Code § 350(a).

90.    California law requires an employer to pay overtime compensation to

all nonexempt employees at a rate of overtime compensation at a rate of one and

one-half times the regular rate of pay for all hours worked over forty per week, or

over eight per day, or for the first eight hours of work on the seventh consecutive

day of work in a workweek, and at a rate of twice the regular rate of pay for all

hours worked in excess of 12 hours in one day, and for any hours worked in excess

of eight hours on the seventh consecutive day of work in a workweek. Cal. Labor
Code § 510.

91.     California wage and hour laws provide greater protections for workers
than the FLSA. Therefore, California wage and hour laws apply to Plaintiff and all
members of the putative California Class, defined below, where they provide
greater protections to workers. 29 U.S.C. § 218(a).

92.     Throughout the time period relevant to this claim for relief, Plaintiff
and the putative California Class worked in excess of eight hours in a workday
and/or forty hours in a workweek. Plaintiff and the putative California Class also
sometimes worked in excess of 12 hours in one day and for over eight hours on a
seventh consecutive day of work.

93.     Defendants' policy and/or practice of failing to pay overtime
whatsoever to Plaintiff and the putative California Class resulted in a violation of
these overtime wage provisions.

94.     As a direct and proximate result of Defendants' unlawful conduct, as
set forth herein, Plaintiff and the putative California Class have sustained damages,
including loss of earnings for hours of overtime worked on behalf of Defendants in
an amount to be established at trial, pre-judgment interest, and costs and attorneys'
fees, pursuant to statute and other applicable law.

## VIII.  JURY DEMAND

95.     Plaintiff hereby demands a jury trial on all causes of action and claims
for relief with respect to which he and the putative Collective and California Class
Action Members have a right to jury trial.

## IX.    **DAMAGES AND PRAYER**

96.    Plaintiff asks that the Court issue summons for Defendants to appear and answer, and that Plaintiff and the Collective and California Class Action Members be awarded a judgment against Defendants or order(s) from the Court for the following:

a.    An order conditionally certifying this case as an FLSA collective action and requiring notice to be issued to all putative Collective Action Members;

b.    An order certifying that the California State Law Claims may be maintained as a class action pursuant to Federal Rule of Civil Procedure 23;

c.    Designation of Plaintiff as a Representative of the California Class Action Members;

d.    Designation of attorneys Ricardo J. Prieto and Melinda Arbuckle, of Shellist Lazarz Slobin, LLP, as Class Counsel for the California Class Action Members;

e.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and California State law;

f.    An injunction against Defendants and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

g.    An award of damages including all unpaid overtime wages, overtime compensation for all hours worked over forty in a workweek or, in California, over eight hours in a day and for the first eight hours worked on the seventh consecutive day of work in a workweek at the applicable time and one half rate, and at the relevant double time rate for hours worked over 12 in a given day and for all hours over eight worked on the seventh

1    consecutive day of work in a workweek, and all liquidated
2    damages, and restitution to be paid by Defendants;

      h.    Appropriate statutory penalties;

      i.    Costs of action incurred herein, including expert fees;

      j.    Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

      k.    Pre-judgment and post-judgment interest, as provided by law;

      l.    Such other injunctive and equitable relief as the Court may
            deem just and proper.

Dated:  July 19, 2021

                          Respectfully submitted,

                          By:    *s/Melinda Arbuckle*
                                 Melinda Arbuckle

                          Melinda Arbuckle (Cal. Bar No. 302723)
                          marbuckle@eeoc.net
                          SHELLIST | LAZARZ | SLOBIN LLP
                          5670 Wilshire Boulevard, Suite 1800
                          Los Angeles, California 90036
                          Telephone: (713) 621-2277
                          Facsimile: (713) 621-0993

                          &

                          Ricardo J. Prieto (to be admitted *Pro Hac Vice*)
                          rprieto@eeoc.net
                          SHELLIST | LAZARZ | SLOBIN LLP
                          11 Greenway Plaza, Suite 1515
                          Houston, Texas 77046
                          Telephone: (713) 621-2277
                          Facsimile: (713) 621-0993

                          *Counsel for Plaintiff and Proposed Class*
                          *and Collective Action Members*

                                       Original Complaint